## John A. Bingham v. Elizabeth Spruill.

1. ATTORNEY'S FEES—*Measure of Compensation.*—Where there is no ·agreement as to the amount to be paid to an attorney for his services he .will be entitled to a just compensation, to be determined by what is usually charged and paid for the same or similar services where contracts have been made with persons competent to contract, or if there is no .usual charge for the particular services rendered, then just compensation is, what is fair and reasonable under all the facts of the particular case.

2. INSTRUCTIONS—*Not to be Given in Duplicate.*—It is not error to refuse an instruction where all that is material or of any value in it is fully embraced and clearly expressed in other instructions given in the same case.

3. INTEREST—*When Not Recoverable.*—Where a party is to such an extent a trustee as to. make it his duty when a demand is made upon him for a statement as to the funds in his hands and to account for and pay over or tender to the person entitled to the same the amount due, and he fails to do so, interest may be recovered as reasonable damages, wholly independent of the provisions of the statute. ·-

4. NEW TRIALS—*Cumulative Evidence.*—Where the evidence relied upon as a ground for a new trial is wholly cumulative and by no means conclusive, it is not error to refuse the application.

5. SAME—*Remittitur Where the Damages are Excessive.*—Where a plaintiff is clearly entitled to recover, and where there is no substantial ground for granting a new trial except that the damages assessed by the jury are excessive, the court may permit a remittitur of the excess and render judgment on the verdict for the balance.

Assumpsit, for money had and received. Appeal from the Circuit Court of Fayette County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

HENRY & HOUSTON and H. J. HAMLIN, attorneys for appellant.

BROWN & ALBERT, attorneys for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in assumpsit, in the Circuit Court of Fayette County, by appellee against appellant. Trial by jury. Verdict in favor of appellee for $1,018.16. Remittitur, $318.16. Judgment on the verdict for $700.

Appellant is a practicing lawyer residing in Vandalia, the county seat of Fayette county, and appellee is an elderly widow lady residing in the country, some miles. Appellee was in some sense a client of appellant, but appellant was in a much larger sense her agent and trustee. She deposited with appellant at various times, and there otherwise came into his hands for her, moneys, notes, checks and certificates of deposit, aggregating a large sum, which it was his duty to account to her for. These transactions commenced in June, 1894. To the February term, 1900, of the Fayette Circuit Court, appellee filed her declaration charging that appellant had a large balance of her money in his hands and that he refused to account for and pay over the same. To this declaration appellant filed the general issue with notice of set-off. The items of account and cross-account are quite numerous, the cross-account containing many charges for commissions and legal services.

The trial was lengthy and the record is voluminous, but the questions involved are almost wholly questions of fact.

The grounds relied on for reversal are: The rejection of certain evidence offered by appellant, the giving of the fourth instruction on behalf of appellee, the refusal of the fourth instruction asked by appellant, the giving of the fifth instruction on behalf of appellee, the refusal to grant a new trial on the ground of surprise and newly discovered evidence, and the rendering of judgment on the verdict for the sum remaining after deducting the amount remitted. The first three of these, pertain wholly to appellant's claims for commissions and legal services, and may be treated together.

The law is, where there is no agreement as to the amount to be paid for such services, the attorney is entitled to just compensation. What is just compensation must be determined by what is usually charged and paid for the same or similar services where contracts have been made with persons competent to contract, or if there be no such usual charge for the particular services rendered, then just compensation is, what is fair and reasonable under all the facts of the particular case. Appellant's counsel say the court erred in rejecting the scale of attorneys' fees and charges fixed by the Vandalia bar association. While there may be cases in which such scale, if properly proven, would be competent for some purpose, the record in this case wholly fails to disclose the preliminary proof, or the conditions, requisite. The fourth instruction given on behalf of appellee is substantially correct. It is fully supported by evidence, and meets all the requirements of the law, as we find it to be, and have herein above stated it. As to the fourth instruction asked by appellant and refused by the court, we find that all that is material and of any value in that instruction is fully embraced and clearly expressed in appellant's third instruction as given. These two instructions were upon the same theory and the same subject. The one given is as follows:

" 3. The court instructs you in this case, that if you

believe from the evidence that the defendant performed for and rendered to the plaintiff legal services, and that there was an agreement between them, either before or after they were performed, as to the price or compensation for such services, then the defendant has a right to recover for such services at the agreed price." * * *

Where two instructions are presented, covering the same subject, and presenting the same theory of the case, the court is not required to give them both, even if they be in different language and one be more elaborate than the other.

The fifth instruction given on behalf of appellee relates to interest, and appellant's counsel contend that this case falls under the rule, "where there is a running account between the parties, and where the balance has never been found and is a subject of dispute, no interest is recoverable." To our minds the evidence does not warrant this view of the case. The relations of appellant and appellee were not that of a tradesman with his customer, or of two tradesmen having unsettled accounts between them. Appellant was to such extent a trustee as to call for the application here, of the rules applied in such cases. It was appellant's duty, when demand was made on him, to make a correct statement as to the funds in his hands and account for and pay over or tender to appellee the balance due her, and for his failure to do so, interest may be recovered as reasonable damages, wholly independent of the statutory provisions concerning interest.

The newly-discovered evidence relied on by appellant's counsel as a ground for new trial is wholly cumulative and by no means conclusive. In such case it is not error to refuse a new trial on the ground of newly-discovered evidence.

Finally it is insisted that the court erred in permitting appellee to remit a part of the damages assessed by the jury and in rendering judgment on the verdict for the balance not remitted. Where a plaintiff is clearly entitled to recover, and where there is no substantial ground for granting a new trial, except that the damages assessed by the jury are excessive, then the court may permit a remittitur

of the excess, and render judgment on the verdict for the balance. To our minds this record discloses such case.

We have fully considered every feature of this case and conclude that upon the whole, substantial justice has been done between the parties, and that the judgment of the Circuit Court should be affirmed.